ORIGINAL

EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI 2286
Chief, Narcotics Section

THOMAS MUEHLECK 3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: 541-2850
Facsimile: 541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 3 2006

at __3__ o'clock and __JJ__ min. __M__
SUE BEITIA, CLERK


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00367-03 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT CRUZ, (03), | ) | |
| | ) | Date: |
| | ) | Time: |
| Defendant. | ) | Judge: Hon. David A. Ezra |
| | ) | |


MEMORANDUM OF PLEA AGREEMENT


        Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, the UNITED STATES OF AMERICA, by its attorney, the

United States Attorney for the District of Hawaii, and the

Defendant, ROBERT CRUZ, and his attorney, Richard D. Gronna,

have agreed upon the following:

1.    Defendant acknowledges that he has been charged in the Indictment with violating Title 18, United States Code, Section 1956.

2.    Defendant has read the charge against him contained in the Indictment, and that charge has been fully explained to him by his attorney.

3.    Defendant fully understands the nature and elements of the crime with which he has been charged.

4.    Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging him with conspiring to conduct financial transactions affecting interstate commerce knowing that the transactions represented the proceeds of the distribution of controlled substances and were designed to conceal the nature, source and ownership of the proceeds.

5.    Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.    Defendant enters this plea because he is in fact guilty of conspiring to conduct financial transactions involving monies which represented the proceeds derived from the distribution of controlled substances knowing that the transactions were disguised to conceal the nature, source and ownership of the proceeds in the Count 1 of the Indictment and

2

agrees that this plea is voluntary and not the result of force or
threats.

      7.  Defendant understands that the penalties for the
offense to which he is pleading guilty include:  up to twenty
years imprisonment and a fine of up to $500,000, plus a term of
supervised release of up to three years as to Count 1 of the
Indictment.

In addition, the Court must impose a $100 special assessment as
to each count to which the Defendant is pleading guilty.
Defendant agrees to pay $100 for each count to which he is
pleading guilty to the District Court's Clerk's Office, to be
credited to said special assessments, before the commencement of
any portion of sentencing.  Defendant acknowledges that failure
to make such full advance payment in a form and manner acceptable
to the prosecution will allow, though not require, the
prosecution to withdraw from this agreement at its option.

      8.  Defendant admits the following facts and agrees
that they are not a detailed recitation, but merely an outline of
what happened in relation to the charge to which Defendant is
pleading guilty:

      During 2001 and 2002 the defendant agreed with Maria
Barnes, Sanford Jacobson and others to disguise the source and
ownership of $350,000 in United States currency, that he knew had
been derived from the distribution of controlled substances, in

order to finance the purchase of Spinner's bar in Waikiki.  The
defendant and two other individuals incorporated D.D.R.
Corporation on or about August 8, 2001 to hide the true ownership
of Spinner's bar after it was sold by Sanford Jacobson for
$350,000 in drug proceeds.  During 2001 one of the co-
conspirators provided cash, generated from the sale of
methamphetamine, to Maria Barnes to pay Jacobson in installments
for the purchase of the bar.  The name of the provider of the
drug proceeds was omitted from all of the sales documents that
concerned the transfer of Spinner's.  To further hide the source
of the monies used to purchase Spinner's, the defendant falsely
claimed in a liquor license application with the Honolulu Liquor
Commission that he owned 50 percent of the stock in D.D.R.
Corporation.

      9.  Pursuant to CrimLR32.1(b) of the Local Rules of the
United States District Court for the District of Hawaii, the
parties agree that the charges to which the Defendant is pleading
guilt adequately reflect the seriousness of the actual offense
behavior and that accepting this Agreement will not undermine the
statutory purposes of sentencing.

      10.  The United States Attorney agrees that
Defendant's agreement herein to enter into a guilty plea
constitutes notice of intent to plead guilty in a timely manner,
so as to permit the government to avoid preparing for trial as to

Defendant.  Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible.
The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

          11.  The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

          12.  The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in

exchange for the concessions made by the prosecution in this plea agreement.

a.   The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.   If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

13.   The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of

any Guideline or any portion thereof, notwithstanding any
representations or predictions from any source.

14.  The Defendant understands that pursuant to
Guideline 6B1.1(c), this Agreement cannot be accepted or rejected
by the Court until there has been an opportunity by the Court to
consider a presentence report, unless the Court decides that a
presentence report is unnecessary pursuant to Guideline 6A1.1.
The Defendant understands that the Court will not accept an
agreement unless the Court determines that the remaining charges
adequately reflect the seriousness of the actual offense behavior
and accepting the agreement will not undermine the statutory
purposes of sentencing.

15.  Defendant understands that by pleading guilty he
surrenders certain rights, including the following:

a.  If Defendant persisted in a plea of not guilty
to the charges against him he would have the right to a public
and speedy trial.  The trial could be either a jury trial or a
trial by a judge sitting without a jury.  The Defendant has a
right to a jury trial.  However, in order that the trial be
conducted by the judge sitting without a jury, the Defendant, the
prosecution and the judge all must agree that the trial be
conducted by the judge without a jury.

b.  If the trial is a jury trial, the jury would
be composed of twelve laypersons selected at random.  Defendant

7

and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to

testify, and no inference of guilt could be drawn from his refusal to testify.

16. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

20. The Defendant agrees that he will fully cooperate with the United States.

a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

c. Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

d. Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

21. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless

refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

22. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

b. This Agreement does not require the prosecution to make such a request or motion.

c. This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the

11

Guidelines or to impose a sentence below the minimum level
established by statute.

DATED:  Honolulu, Hawaii, _____March 13, 2006_____.

AGREED:


EDWARD H. KUBO, JR.                    ROBERT CRUZ
United States Attorney                 Defendant
District of Hawaii


FLORENCE T. NAKAKUNI                   RICHARD D. GRONNA
Chief, Narcotics Section               Attorney for Defendant


THOMAS MUEHLECK
Assistant U.S. Attorney


12